IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

**CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED**

May 19, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ Kayla Lokey
DEPUTY CLERK**

Lee Bayless,                                  )
                                             )
            Plaintiff,                        )
                                             )
v.                                            )
                                             )
BRX, INC.                                     )      Civil Action No. 3:25-cv-00077
                                             )
            and                               )
                                             )
Federal Express Corporation,                  )
                                             )
            Defendants.                        )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Joint Motion for Approval of the Fair Labor Standards Act ("FLSA") Settlement and Dismissal with Prejudice filed by Plaintiff Lee Bayless and BRX, Inc. ("BRX") and Federal Express Corporation ("FedEx"). (Dkt. 23.) The parties reached a settlement through a settlement conference with United States Magistrate Judge Joel C. Hoppe on March 24, 2025. (*See* Dkt. 22.) For the reasons discussed below, the court grants the motion.

### I.      Background

On September 22, 2025, Plaintiff filed suit for unpaid regular and overtime wages, alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Overtime Wage Act ("VOWA"), Va. Code § 40.1-29.2, and the Virginia Wage Payment Act ("VWPA"), Va. Code § 40.1-29. (Compl. ¶ 1 (Dkt. 1).) Plaintiff brought this action on behalf of himself and other similarly situated delivery drivers who were paid by BRX

to deliver packages for FedEx. (*Id.* ¶ 3.) This case was settled, though, as a single plaintiff settlement for Bayless.[1] (Mem. in Supp. of Joint Mot. for Appr. of FLSA Settlement and Dismissal with Prejudice at 2 (Dkt. 24) [hereinafter "Joint Br."].)

Plaintiff alleged that Defendants were his employers or joint employers, and that he was not compensated appropriately for the time spent working for Defendants because of their policies and practices. (*Id.*) Defendants denied and continue to deny any wrongdoing, and FedEx denies that it was a joint employer of Plaintiff. (*Id.*)

After extensive investigation and research at the outset of this case by Plaintiff's counsel and subsequent discussions between the parties, the case was stayed on August 29, 2025, pending a settlement conference with Judge Hoppe. (*Id.* at 2–3; Dkt. 14.) The parties used damage modeling based on data from BRX and FedEx records and ultimately disputed which, if any, hours captured by the damages model constituted compensable working time under the FLSA and the applicable Virginia wage laws. (Joint Br. at 3.) After a settlement conference with Judge Hoppe, the parties reached a settlement agreement resolving all claims and issues between the parties. (*Id.* at 4.)

## II.    Standard of Review

Settlement of an FLSA claim must be supervised by the Secretary of Labor or approved by a federal district court. *LaFleur v. Dollar Tree Stores, Inc.*, 189 F. Supp. 3d 588, 593 (E.D. Va. 2016) (citing *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005)); *Jones v. 573 LLC*, No. 7:22-cv-00486, 2022 WL 17540269, at *1 (W.D. Va. Dec. 8, 2022). District courts in the Fourth Circuit have generally followed the guidelines for FLSA settlement approval set forth

---

[1] The court will therefore generally refer to Plaintiff Lee Bayless alone and address his claims in an individual capacity.

by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

*See Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014); *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014) ("Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." (cleaned up).)

Courts undertake this review to ensure that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Patel*, 15 F. Supp. 3d at 654 (citing *Lynn's Food Stores*, 679 F.2d at 1355). The analysis can be broken down into three steps; the district court must determine: (1) whether there are FLSA issues in dispute, (2) whether the settlement is a fair and reasonable compromise over the issues, and (3) whether the attorney's fees, if included in the settlement agreement, are reasonable. *Duprey*, 30 F. Supp. 3d at 408 (citations omitted).

## III.    Analysis

Courts have found a *bona fide* FLSA dispute where the parties disagree as to whether the plaintiff is entitled to overtime pay under the FLSA. *See, e.g.*, *Baust v. City of Va. Beach*, 574 F. Supp. 3d 358, 365 (E.D. Va. 2021); *Rosales v. Rock Spring Contracting LLC*, No. 3:23-cv-00407, 2024 WL 1417955, at *4 (E.D. Va. Apr. 2, 2024). Here, Plaintiff alleges that Defendants violated FLSA by not paying him the overtime wages that he was due. (Joint Br. at 5.) Defendants have "at all times denied liability" and would have asserted various rebuttals and affirmative defenses should the case have proceeded to trial. (*Id.* at 6, 9.) Accordingly, the court finds a *bona fide* dispute between the parties over FLSA provisions.

In determining whether an FLSA settlement is fair and reasonable, there is a "strong presumption in favor of finding a settlement fair." *LaFleur*, 189 F. Supp. 3d at 593 (cleaned up). Courts typically weigh six factors in evaluating a settlement agreement of this nature, including (1) "the extent of discovery that has taken place"; (2) "the stage of the proceedings, including the complexity, expense, and likely duration of the litigation"; (3) "the absence of fraud or collusion in the settlement"; (4) "the experience of counsel who have represented the plaintiff[]"; (5) "the probability of plaintiff['s] success on the merits"; and (6) "the amount of the settlement in relation to the potential recovery." *Id.* (citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-01310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

Here, all six factors support approving the settlement. The parties exchanged extensive wage and hours records from BRX and Hours of Service data from FedEx, which helped the parties support their respective positions and determine that a settlement was the optimal resolution of the matter. (Joint Br. at 3, 8.) Many issues here, including establishing hours worked and wages owed, whether FedEx was a joint employer, and whether any alleged FLSA violations were willful, would have made litigation "complex, expensive, and protracted." (*Id.* at 3, 8–9.) Settlement at this stage of the litigation through arm's length settlement negotiations provides significant monetary relief to Plaintiff and saves both parties substantial legal expenses.

Without any evidence to the contrary, courts presume that no fraud or collusion occurred between counsel. *See Lomascolo*, 2009 WL 3094955, at *12. Here too, the court finds no evidence of fraud or collusion—the parties negotiated over several weeks through formal discovery and reached settlement through a settlement conference with Judge Hoppe. (Joint.

Br. at 9–10.)  Plaintiff's counsel has substantial experience of litigating wage and hours cases in Virginia, (*id.* at 10–11), and this experience weighs in favor of finding the settlement fair and reasonable. *Gholston v. Smithfield Foods, Inc.*, No. 2:21-cv-00194, 2022 WL 21842305, at *5 (E.D. Va. Nov. 2, 2022).

Evidence presented that Plaintiff faces significant hurdles to recovery under the FLSA weighs in favor of finding the settlement fair.  *Patel*, 15 F. Supp. 3d at 656.  If the parties pursued litigation, "Defendants would have vigorously contested the merits of Plaintiff's claims." (Joint Br. at 12.)  Defendants would have argued that Plaintiff was paid for all hours worked, that certain types of activities were not compensable, and that liquidated damages would have been unavailable to Plaintiff—all of which would have significantly limited Plaintiff's possible recovery.  (*Id.* at 11–12.)  Considering these hurdles and the chance that Plaintiff could have recovered nothing if Defendants prevailed at summary judgment or trial, the court finds Plaintiff's recovery of $10,000 for unpaid overtime to be reasonable and fair. (*See id.* at 13–14.)  This amount is over $3,000 more than Plaintiff's calculation of his unpaid overtime, which is the maximum he could receive without liquidated damages if Defendants prevailed on their "good faith" defense. (*Id.* at 13.)  Accordingly, for the above stated reasons, the court finds that the settlement is a fair and reasonable compromise over the issues presented here.

Finally, the court reviews the attorneys' fees included in the settlement agreement to "assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010)

(citation omitted).  Courts typically use the lodestar method to review the fairness of the attorney's fees, and there is a strong presumption that the lodestar figure is reasonable.  *See Philemon v. Veerapalli*, No. 3:22-cv-00025, 2023 WL 1930372, at *2 (W.D. Va. Feb. 10, 2023).  The lodestar fee is calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended.  *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).  Plaintiff's counsel's calculated lodestar fee is just under $30,000, and the settlement agreement allocates $15,000 to Plaintiff's attorney's fees.  (Joint Br. at 14, 16.)  FLSA cases are fact-intensive and require significant commitments of time and personnel to litigate.  *Gholston*, 2022 WL 21842305, at *6.  The court finds no evidence that the fee is unreasonable.  In fact, the bargained-for fee represents a significant discount from the lodestar calculation and Plaintiff considers the settlement to be a significant success.  (*See* Joint Br. at 14, 16, 18.)  Accordingly, the court finds that the attorney's fees included in the settlement agreement are reasonable.

### IV.    Conclusion

For these reasons, the court **GRANTS** the parties' joint motion for settlement approval.  (Dkt. 23.)  As requested by the parties, the court will dismiss the case with prejudice while retaining jurisdiction to enforce the terms of the settlement "upon filing of a joint notice by the parties that the settlement has been paid."  (*Id.*)

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

**ENTERED** this 19th day of May, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 6 -